REQUESTED BY: Dear Senator:
LB 436 of the Eighty-fifth Legislature, as presently drafted on final reading, would establish a Nebraska Legal Information Center. It would prepare legal research and answer questions submitted by judges, prosecutors, and public defenders under a contract with the Department of Administrative Services who would also supervise its operation. An appropriation would be made from the General Fund in the amount of $130,000 to carry out its provisions. You have asked if it is constitutionally sound for the State of Nebraska, through the Department of Administrative Services, to contract, perhaps with a private entity, for the services enumerated.
The Department of Administrative Services performs many invaluable services and performs them well. But it is difficult, if not impossible, to imagine that it has the competency and the expertise to supervise the operation of providing legal research to judges, prosecutors, and public defenders across the State of Nebraska. However, even if it were assumed that it possessed the necessary competency and expertise to do so, LB 436 produces some very serious conflict of interest questions. For example, on what basis would the Nebraska Legal Information Center provide the services enumerated in section 3 thereof. If it provided the services on a first come first serve basis and a county attorney first contacted the Nebraska Legal Information Center regarding a case, then neither the court nor the public defender could be serviced by the Center on the same question. In effect, the state may thus be providing very considerable support for one side or the other based only on which side requests the assistance first.
There is the propriety of third-party contacts to judges during the course of a judicial proceeding. It is not at all clear if it would be proper for a judge to receive such research under Canon 3(a)(4) of the Code of Judicial Conduct. It is acknowledged that the American Bar Association's Ethics Committee has suggested that the judiciary should not be prohibited from using such a service, as long as the judge informs the parties that such research is being done. But if the judge may use the service, then neither the county attorney nor the prosecutor could be serviced by the Center on the same question.
There are undoubtedly other important issues but because of the very limited time afforded us to research this matter the same can only be dealt with at another time. However, we believe that the matters herein discussed are sufficient to warrant a finding that LB 436 may violate the doctrine of separation of powers which is guaranteed by the Constitution of the United States and the Constitution of Nebraska. If not, it would at the very least produce some very serious conflict of interest questions and thereby create unnecessary problems of insuring that the accused is provided with a fair trial.